IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HENDERSON AND COKER, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:12-CV-432-WKW |
| ) | [WO] |
| NATIONAL TRUST INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Henderson & Coker Inc.'s Motion to Remand. (Doc. # 5.) Defendant National Trust Insurance Company opposes the motion. (Doc. # 8.) Henderson & Coker has not replied. For the reasons that follow, the motion is due to be denied.

### I. STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). At the same time, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Hence, in actions removed from state court to federal court, federal courts strictly construe removal statutes, resolve all doubts in

favor of remand, and place the burden of establishing federal jurisdiction on the defendant. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–30 (11th Cir. 2006).

## II.  BACKGROUND

Every child in Sunday school knows it is a wise man who builds his house upon a rock, but a fool who builds his house on sand.  Unfortunately, the Good Book does not have much to say about modern construction techniques.  As a result, when the Faithful at St. John the Apostle Church decided to build a new facility, they were on their own when it came time to choose building materials.  Ultimately, they settled on an Exterior Insulation and Finishing System manufactured by Dryvit Systems, and contracted with Plaintiff Henderson & Coker, Inc., to build the new structure.

When problems arose with the new building at St. John's, Robert J. Baker (acting as "Bishop of Birmingham in Alabama, a corporation sole, for the benefit of the Faithful at St. John the Apostle Church" (Doc. # 1-2)) went to court.  In a fifteen-count complaint filed in the Circuit Court of Tallapoosa County, Alabama, Bishop Baker sued six defendants, all of whom were involved in building the new structure, and one of whom was Henderson & Coker, the plaintiff in this removed action.

Over two years later, on December 7, 2011, Henderson & Coker filed a third-party complaint against National Trust Insurance Company ("NTIC").  Henderson & Coker had an insurance policy with NTIC from April 1, 2007, to April 1, 2009, and

the third-party complaint alleges that policy obligated NTIC to defend and indemnify Henderson & Coker when Bishop Baker filed suit. On April 20, 2012, Judge Tom F. Young of Tallapoosa County granted NTIC's motion to sever the Third-Party Claim, and the controversy between Henderson & Coker and NTIC became a case unto itself. The Tallapoosa County Clerk of Court assigned a new civil action number to *Henderson & Coker, Inc., v. National Trust Insurance Company*, and NTIC paid a new filing fee.

On May 17, 2012, Defendant NTIC removed the severed action to this court based upon diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441. In this removed action, Plaintiff Henderson & Coker seeks recovery under state law for breach of contract and bad faith, and also seeks a declaratory judgment as to the rights and obligations of the parties under the insurance policy. Henderson & Coker now moves to remand this action back to the Circuit Court of Tallapoosa County.

### III.  DISCUSSION

Although Henderson & Coker seeks remand of the entire cause, it has not explained why the court should remand the state-law claims for breach of contract and bad faith. Nor does Henderson & Coker argue there was some procedural defect in the removal, or dispute any of the allegations that establish diversity jurisdiction. (Doc. # 1, at 4.) That being the case, there is no dispute that the statutory prerequisites

3

for removal are met, and as another district court in this circuit has noted "[r]emoval is, no doubt, an absolute right so long as the statutory prerequisites are met." *Herman Schamisso, PVBA v. Menelli, Inc.*, 657 F. Supp. 63, 65 (S.D. Fla. 1986). Accordingly, Henderson & Coker's motion to remand is due to be denied with regard to its claims for breach of contract and bad faith.

Henderson & Coker's argument that the declaratory judgment count should be remanded fails similarly. To argue the court should exercise its discretion and decline jurisdiction over the declaratory judgment count, Henderson & Coker cites the rule from *Ameritas Variable Life Insurance Co. v. Roach*, 411 F.3d 1328, 1332 (11th Cir. 2005). The problem is that the *Ameritas* rule only applies when "another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.* at 1330 (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)).

But there is no parallel state-court proceeding here. It is true that the removed action now before the court was once a part of the suit Bishop Baker brought against Henderson & Coker, but the state court's order unmistakably severed the two suits. (*See* Doc. # 1-16.) From that point on, the liability action brought by Bishop Baker and the insurance dispute filed by Henderson & Coker were two separate cases. The two cases are legally distinct: Bishop Baker's suit involves fifteen causes of action

arising from construction of a building while Henderson & Coker's three-count complaint deals only with NTIC's obligations under an insurance contract. Further, Henderson & Coker is the only party the two actions have in common. Although Henderson & Coker characterizes the two actions as parallel, the situation here is simply not one addressed by the *Ameritas* holding. Despite their common origin, the Tallapoosa County case and the one before the court are two separate actions that involve different legal issues between different parties.

Because the *Ameritas* rule does not apply, all that is left (besides the related state-law claims discussed above) is a run-of-the-mill dispute over insurance coverage, which is "among the most common uses of the Declaratory Judgment Act in federal courts." *Specialty Underwriters Alliance v. Peebles McManus LLC,* 643 F. Supp. 2d 1298, 1301 (M.D. Ala. 2009.) In fact, this court "routinely adjudicates coverage disputes brought under the Declaratory Judgment Act when there is an underlying state court case on the merits, which involves different issues and different parties (as is the case here)." *Id.* at 1302. And while the court has discretion to dismiss or stay this action, "[i]t is an abuse of discretion . . . to dismiss a declaratory judgment action in favor of a state court proceeding that does not exist." *Fed. Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1247 (11th Cir. 2000). In this case, there exists no parallel action in state court that would implicate the rule from *Ameritas*, and Henderson &

Coker has presented no other reason to decline jurisdiction over the declaratory judgment count.

## IV.  CONCLUSION

Accordingly, it is ORDERED that Plaintiff's Motion to Remand (Doc. # 5) is DENIED.

DONE this 7th day of January, 2013.

/s/ W. Keith Watkins  
CHIEF UNITED STATES DISTRICT JUDGE